1  McGREGOR W. SCOTT
   United States Attorney
2  GRANT B. RABENN
   JEFFREY A. SPIVAK
3  Assistant United States Attorneys
   2500 Tulare Street, Suite 4401
4  Fresno, CA 93721
   Telephone:  (559) 497-4000
5  Facsimile:   (559) 497-4099

6  Attorneys for Plaintiff
   United States of America
7

8                IN THE UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              No.  1:16-CR-00107-DAD-BAM

12                        Plaintiff,       UNITED STATES'S REQUEST FOR AN
                                           ORDER AUTHORIZING DISCOVERY IN
13             v.                          THE ANCILLARY PROCEEDING; ORDER
                                           THEREON
14  YOUSEF DAHIFALLA AEZAH,
    ADHIM DAHIFALLA AEZAH, and             [FED. R. CRIM. P. 32.2(c)(1)(B)]
15  DIRAR DAHIFALLA AEZAH,

16                        Defendants.

17

18                        **I. INTRODUCTION**

19          Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), the United States requests the Court to allow it

20  to conduct discovery to explore the basis for the claim filed by petitioners David Aezah and Rizka

21  Aezah (collectively "Petitioners") regarding their interest in property forfeited from defendants

22  Yousef Dahifalla Aezah, Adhim Dahifalla Aezah, and Dirar Dahifalla Aezah.  Petitioners allege

23  an interest in the approximately $201,205.00 in U.S. Currency, approximately $10,700.00 in U.S.

24  Currency, and Approximately $8,800.00 in U.S. Currency (the "Subject Currency") that was

25  seized pursuant to a Federal search warrant in Bakersfield, California on July 7, 2016 as part of

26  this criminal investigation.

27                        **II. BACKGROUND**

28          1.       On July 21, 2016, Yousef Dahifalla Aezah, Adhim Dahifalla Aezah, and Dirar

Dahifalla Aezah were indicted in a three-count indictment for conspiracy to manufacture, distribute, and to possess with intent to distribute a controlled substance and to maintained drug-involved premises (all defendants), distribution of a controlled substance (all defendants), and maintaining drug-involved premises (all defendants). (ECF No. 1.)

2. On April 9, 2018, Yousef Dahifalla Aezah, Adhim Dahifalla Aezah, and Dirar Dahifalla Aezah each pleaded guilty to Count Three of the Indictment and admitted the forfeiture allegation. (ECF No. 46). Defendants are scheduled to be sentenced on July 16, 2018. Id.

3. On April 27, 2018, the Court entered a Preliminary Order of Forfeiture for the Subject Currency, among other assets, pursuant to 21 U.S.C. § 853(a), which authorizes the forfeiture of narcotics related monies and facilitating property.

4. Following the Court's entry of a preliminary order of forfeiture, the United States provided notice to all known and unknown potential claimants, pursuant to 21 U.S.C. § 853(n), 18 U.S.C. § 1963(1) and Local Rule 171. The deadline to file a petition is June 8, 2018.

5. On May 29, 2018, Petitioners filed a verified petition of third parties David Aezah and Rizka Aezah for ancillary hearing contesting the forfeiture of the Subject Currency. (ECF No. 50.) Each claims an interest in the Subject Currency and urges that the Subject Currency are their lawful earnings.

### III. ANALYSIS

6. Federal Rule of Criminal Procedure 32.2(c) governs third party asset forfeiture proceedings in criminal cases. Rule 32.2(c)(1) provides that if a third party files a petition asserting an interest in property to be forfeited in a criminal case, the district court must conduct an ancillary hearing. Fed.R.Crim.P. 32.2(c)(1). Rule 32.2(c)(1)(B) provides that prior to the ancillary hearing the Court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is "necessary or desirable to resolve factual issues." Fed.R.Crim.P. 32.2(c)(2)(B).

7. The United States believes that discovery is necessary and desirable to evaluate Petitioners' ownership in the Subject Currency because if Petitioners can provide information showing that the money was not narcotics-related, an ancillary hearing may not be necessary.

UNITED STATES' REQUEST UNDER FED. R. CRIM.
32.2(C)(1)(B) FOR AN ORDER AUTHORIZING DISCOVERY IN
THE ANCILLARY PROCEEDING; ORDER THEREON

2

8. The United States requests and proposes the following discovery, motion and hearing schedule:

| Event | Proposed Date/Deadline |
|---|---|
| Discovery Cut off | October 26, 2018 |
| Last Day to File Dispositive Motions | November 16, 2018 |
| Ancillary Hearing | Week of January 7, 2019 |

## IV. CONCLUSION

For the foregoing reasons, the United States requests the Court: (1) enter an order authorizing the parties to conduct discovery pursuant to Fed. R. Crim. P. 32.2(c)(1)(B); and (2) to adopt the above litigation schedule or set a discovery schedule that the Court deems appropriate.

Dated: June 4, 2018

McGREGOR W. SCOTT
United States Attorney


By: /s/ Jeffrey A. Spivak
JEFFREY A. SPIVAK
Assistant U.S. Attorney

## ORDER

IT IS SO ORDERED.

Dated: **June 5, 2018**

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES' REQUEST UNDER FED. R. CRIM.
32.2(C)(1)(B) FOR AN ORDER AUTHORIZING DISCOVERY IN
THE ANCILLARY PROCEEDING; ORDER THEREON

3