McGREGOR W. SCOTT
United States Attorney
GRANT B. RABENN
JEFFREY A. SPIVAK
Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:16-CR-00107-DAD-BAM |
| Plaintiff, | STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON |
| v. | |
| YOUSEF DAHIFALLA AEZAH, ADHIM DAHIFALLA AEZAH, and DIRAR DAHIFALLA AEZAH, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between plaintiff United States of America and petitioner ALLY BANK (hereafter "Ally" or "Petitioner"), to compromise and settle their interest in the 2014 Toyota Tacoma Truck, California License Plate 7R65524, VIN: 3TMJU4GN1EM165769 (hereafter the "2014 Toyota Tacoma"), and to consent to the entry of a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(a).

1. The United States hereby incorporates by reference, as though fully set forth herein, all of its averments contained in its Application for Preliminary Order of Forfeiture and Publication Thereof filed on April 27, 2018.

2. On April 27, 2018, this Court entered a Preliminary Order of Forfeiture forfeiting to the United States all right, title, and interest of defendants Yousef Dahifalla Aezah, Adhim Dahifalla Aezah, and Dirar Dahifalla Aezah, in the following property:

        a. Approximately $949,073.31 seized from Wells Fargo Bank account number 1737876043, held in the name of Yousef D. Aezah dba YDA Solutions;

        b. Approximately $201,205.00 in U.S. Currency;

        c. Approximately $94,880.00 in U.S. Currency;

        d. Approximately $10,700.00 in U.S. Currency;

        e. Approximately $8,800.00 in U.S. Currency;

        f. TDP-5 Pill Press;

        g. 2014 Toyota Tacoma Truck, California License Plate 7R65524, VIN: 3TMJU4GN1EM165769; and

        h. 2015 Toyota Camry, No License Plate, VIN: 4T1BF1FK4FU918269.

3. Pursuant to 21 U.S.C. § 853(a) and Local Rule 171, third parties asserting a legal interest in the above-listed forfeited property are entitled to a judicial determination of the validity of the legal claims or interests they assert.

4. Beginning on May 5, 2018, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property. The Declaration of Publication was filed on August 14, 2018.

5. The United States completed direct written notice by certified mail to the following individuals or entities known to have an alleged interest in the above-described property:

        a. David Aezah

        b. Montaha Aezah

        c. Rizka Aezah

        d. Salah Aezah

        e. Heathim Aezah

        f. Michael G. Marderosian

  g. Ally Bank

 6. On May 29, 2018, David Aezah and Rizka Aezah filed a petition alleging an innocent third party interest to the approximately $201,205.00 in U.S. Currency, approximately $10,700.00 in U.S. Currency, and approximately $8,800.00 in U.S. Currency. On August 9, 2018, David Aezah and Rizka Aezah withdrew their May 29, 2018 petition.

 7. On June 7, 2018, Ally Bank filed a timely petition alleging a lien holder interest in the 2014 Toyota Tacoma, alleging as follows:

  a. On or about August 5, 2015, Yousef Dahifalla Aezah, ("Yousef Aezah") executed and delivered to Motor City Lexus of Bakersfield (the "Dealer") a Retail Installment Sales Contract (the "Installment Contract"). Thereafter, Dealer assigned the Installment contract to Ally. The Installment Contract was and is secured by a Certificate of Title with Ally identified as the lien holder. The Certificate of Title is perfected by filing with the California Department of Motor Vehicles.

  b. As of June 6, 2018, the principal due and owing under the Installment Contract was $15,857.67 plus accrued finance charges in the amount of $1,647.92 or a total amount due and owing of $17,505.59. The Installment Contract is presently in default.

 8. Other than Petitioner, Ally, no other third party has filed a claim or petition to the above-listed assets and the time for which any person or entity to file a claim or petition has expired.

 9. The parties hereby stipulate that Ally is a lien holder on the 2014 Toyota Tacoma. Ally has a legal right, title, or interest in the 2014 Toyota Tacoma and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for the petitioner's interest because such interest was vested in it rather than the defendants at the time of the commission of the acts which give rise to the forfeiture of the 2014 Toyota Tacoma. *See* 21 U.S.C. § 853(n). The parties further stipulate however, that defendant Yousef Dahifalla Aezah has an ownership interest in the 2014 Toyota Tacoma and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of his interest.

 10. The U.S. Marshals Service shall release the 2014 Toyota Tacoma to Ally. The

STIPULATION FOR FINAL ORDER OF FORFEITURE 3
AND ORDER THEREON

release of the 2014 Toyota Tacoma to Ally shall be in full settlement and satisfaction of Ally's claim and petition by it to the 2014 Toyota Tacoma, and of all claims arising from and relating ot the seizure, detention, and forfeiture of the 2014 Toyota Tacoma.

11. Petitioner Ally hereby releases plaintiff United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the seizure and detention of the 2014 Toyota Tacoma. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and detention, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

12. Ally understands and agrees that by entering into this stipulation of its interest in the 2014 Toyota Tacoma, it waives any right to litigate further their ownership interest in the 2014 Toyota Tacoma and to petition for remission or mitigation of the forfeiture. Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, Ally shall be excused and relieved from further participation in this action.

13. Ally understands and agrees that the United States reserves the right to void the stipulation if, before release of the 2014 Toyota Tacoma, the U.S. Attorney obtains new information indicating that Ally is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes.

14. The U.S. Attorney effectively terminates the forfeiture and releases the 2014 Toyota Tacoma to Ally. This discretionary termination of forfeiture shall not be a basis for any award of fees.

15. The parties agree to execute further documents, to the extent reasonably necessary, to effectuate the release of the 2014 Toyota Tacoma to Petitioner Ally.

16. The release of the 2014 Toyota Tacoma to Ally pursuant to this Stipulation is

contingent upon the Court's entry of this Final Order of Forfeiture.

17. Each party agrees to bear its own costs and attorneys' fees.

18. The terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

19. This Court shall maintain jurisdiction over this matter to enforce the terms of this Stipulation.

Dated: September 14, 2018          McGREGOR W. SCOTT
                                   United States Attorney


                                    /s/ Jeffrey A. Spivak
                                   GRANT B. RABENN
                                   JEFFREY A. SPIVAK
                                   Assistant U.S. Attorneys



Dated: September 11, 2018           /s/ Adam N. Barasch
                                   ADAM N. BARASCH
                                   DONALD H. CRAM, III
                                   SEVERSON & WERSON
                                   Attorneys for Petitioner Ally Bank
                                   (Original signature retained by attorney)

**ORDER**

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement including the terms as set forth below:

1. A Final Order of Forfeiture shall be entered on the terms set forth in the parties' Stipulated Settlement.

2. A Final Order of Forfeiture is hereby entered forfeiting to the United States of America all right, title, and interest in the above-listed property pursuant to 21 U.S.C. § 853(a), to be disposed of according to law, including all right, title, and interest of Youself Dahifalla Aezah, Adhim Dahifalla Aezah, Dirar Dahifalla Aezah, David Aezah, Montaha Aezah, Rizka Aezah,

Salah Aezah, Heathim Aezah, and Ally Bank.

3. All right, title, and interest in the above-listed property shall vest solely in the name of the United States of America.

4. Upon entry of this Final Order of Forfeiture, but no later than 45 days thereafter, the 2014 Toyota Tacoma Truck, California License Plate 7R65524, VIN: 3TMJU4GN1EM165769, shall be returned to Ally, through its attorney of record, Adam Barasch, Severson & Werson, One Ebarcadero Center, Suite 2600, San Francisco, CA 94111, (415) 398-3344.

5. The U.S. Marshals Service shall maintain custody of and control over the above-listed property, until it is disposed of according to law.

IT IS SO ORDERED.

Dated: **September 17, 2018**

_____
UNITED STATES DISTRICT JUDGE